IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 25-cv-409-BAH |
| U.S. DEPARTMENT OF GOVERNMENT EFFICIENCY *et al.*, | ) |
| *Defendants*. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO AMENDED COMPLAINT**

This is a Freedom of Information Act (FOIA) lawsuit involving eight requests (two seeking expedited processing) regarding matters of urgent national interest, in which key Defendants have asserted that they are not subject to FOIA or, impliedly, *any* related records preservation obligations. Defendants have been on notice of this lawsuit since February 18, 2025, when the original Complaint was served. On March 20, 2025, the deadline by which Defendants were to respond to Plaintiff's Amended Complaint,[1] they sought a thirty-day extension of that deadline. Plaintiff opposes that extension due to Defendants' below-described conduct, which presents a substantial risk that Defendants will not comply with their records preservation obligations, and because of the urgency to inform the public about the records at issue. Defendants' motion should be denied.

---

[1] Defendants were served with the Amended Complaint on March 6. ECF No. 7. Pursuant to the Federal Rules of Civil Procedure, absent a court order, Defendants must make any required response to an amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." *See* Fed. R. Civ. P. 15(a)(3).

## BACKGROUND

All eight of American Oversight's FOIA requests at issue in this lawsuit were filed on January 30, 2025, and February 3, 2025. *See generally* Am. Compl., ECF No. 5, ¶¶ 96-128. Although Defendant OMB acknowledged all eight requests on February 4 and 5, 2025, none of the DOGE Defendants did, *see id.*, until March 12, 2025.

American Oversight filed its original Complaint, ECF No. 1, on February 11, 2025, and served summonses and copies of the complaint and exhibits on February 18, 2025, soon after the summonses were issued. *See* Notice of Filing Proof of Service, ECF No. 7. The Amended Complaint, ECF No. 5, was filed on March 5 and served on March 6. *See* ECF No. 7. Although the Amended Complaint includes additional FOIA requests, it raises essentially the same questions of fact and law as the original Complaint. Defendants—the Department of Government Efficiency, U.S. DOGE Service ("USDS"), and U.S. DOGE Temporary Service Organization (collectively, "DOGE Defendants"), as well as the Office of Management and Budget ("OMB")—have thus been on notice of this matter for more than a month.

## ARGUMENT

### *DOGE Defendants' Conduct Demonstrates Unwillingness to Comply With Preservation Obligations*

While this litigation was pending, on March 10, 2025, another court in this District rejected DOGE's contention that it was not subject to FOIA, finding that Plaintiff in that case was likely to succeed on the merits on its claim that DOGE is an agency subject to FOIA. *See Citizens for Resp. & Ethics in Washington ("CREW") v. U.S. DOGE Serv.*, No. 25-CV-511 (CRC), 2025 WL 752367, at *10 (D.D.C. Mar. 10, 2025). There, Judge Cooper ordered DOGE to preserve all records responsive to CREW's FOIA requests and begin processing and producing responsive records on an expedited basis. *Id.* at *17.

Two days after Judge Cooper's order, American Oversight received an email from admin@DOGE.eop.gov, "in reference to your Freedom of Information Act (FOIA) requests—the first of which was submitted on January 30, 2025, and multiple others on February 3, 2025 . . . ." Declaration of Elizabeth Haddix in Support of Opp. Mot. Ext. Time, ¶ 23. Though the email provided no other identifying details, it appears to address all eight requests at issue in this lawsuit. DOGE wrote, in full:

> As set forth in Executive Order 14158, Establishing and Implementing the President's "Department of Government Efficiency," USDS sits within the Executive Office of the President, and the USDS Administrator reports to the President's Chief of Staff. We write now to inform you that USDS is subject to the Presidential Records Act, 44 U.S.C.S. § 2201 et seq., and is not subject to FOIA. We therefore decline your request.

*Id.*, Ex. 1.

The government clearly disagrees with Judge Cooper's decision,[2] and thus, apparently, does not consider Judge Cooper's order applicable to any FOIA requests outside that litigation. As explained in more detail below and in a forthcoming motion for a preservation order, the records preservation obligations applicable under the Presidential Records Act are substantially weaker than those that apply to agency records under FOIA. Thus, the DOGE Defendants' position presents the substantial risk that DOGE will not preserve records responsive to American Oversight's requests.[3]

### *Defendants' Refusal to Stipulate to Preservation Further Demonstrates Risk of Harm*

---

[2] Indeed, USDS has already filed a Motion for Reconsideration—which Judge Cooper rejected. *See Citizens for Resp. & Ethics in Washington ("CREW") v. U.S. DOGE Serv.*, No. 25-CV-511 (CRC), ECF No. 23 (D.D.C. Mar. 19, 2025). The government almost immediately filed a Motion for Summary Judgment on the question of whether USDS/DOGE is an agency subject to FOIA on March 19, 2025. *Id.*, ECF No. 24.

[3] This point is limited to the DOGE Defendants; Plaintiff is not aware of any reason to believe that Defendant OMB is violating records preservation obligations.

As part of counsels' conferral regarding Defendants' motion to extend time, American Oversight sought—but failed—to obtain Defendants' commitment to stipulate to preserve records that may be responsive to American Oversight's FOIA requests.

Counsel for Defendants first contacted counsel for American Oversight at 5:00 p.m. on March 19, 2025, the evening before its response deadline and before filing a Notice of Appearance, seeking consent to extend Defendants' deadline to respond by over a month.[4] American Oversight explained that due to the urgency of the information sought—including two FOIA requests filed on January 30, 2025, which sought expedited processing—American Oversight could not consent, and asked whether Defendants would stipulate that they "ha[ve] preserved and will continue to preserve all records responsive to American Oversight's eight FOIA requests" and "agree to limited discovery and an expedited briefing schedule on the merits of whether [DOGE] is subject to FOIA." Haddix Decl. ¶ 25. The DOGE Defendants have refused to stipulate to a preservation order, oppose any limited discovery, and have indicated they will not agree to expedited briefing on the merits. *See* id. ¶ 27. After much back and forth between counsel ahead of today's noon filing deadline, at 10:08am today, Defendant's counsel told American Overisght's counsel "OMB has assured me that they are complying with the Federal Records Act to preserve all records including those responsive to the FOIA request," and that while the DOGE Defendants—the only parties of concern on this point—have not offered any similar "assurances," "agencies would also need to preserve records in order to comply with the litigation hold letter that we send out." *Id.* Not only is it unclear whether Defendant's counsel has sent any "litigation hold letter" to the DOGE Defendants in this matter, even if it has, that would resolve the issue here. *See CREW I*, 565 F. Supp. 2d at 29-30 ("[T]he assurances of OA's counsel do not have the force of a Court

---

[4] Defendants failed to comply with this Court's requirement that extensions be requested at least four days prior to the deadline. *See* Standing Order ¶ 8(b), ECF No. 6.

4

Order, and . . . violations of such assurances are not punishable by contempt. While the Court accepts OA's counsels' assurances that the documents responsive to CREW's FOIA requests will be preserved, absent a Court Order to that effect, CREW would have no recourse if they were not.")

In short, if Defendants had agreed to a preservation order, Plaintiff would have been able to consent to some extended deadline, although a month remains far too long due to the urgent need for records that would inform the public about DOGE's activities.[5] In light of all the indications that the DOGE Defendants may not be properly preserving agency records, Plaintiff intends to file forthwith a motion for a preservation order.

As Plaintiff's forthcoming motion will elaborate, the Presidential Records Act ("PRA") both defines "records" more narrowly than FOIA or the Federal Records Act ("FRA"), and provides far fewer safeguards and oversight over preservation requirements. In comparing the FRA with the PRA, the D.C. Circuit emphasized that "[w]hereas federal records are subject to a strict document management regime supervised by the Archivist, the PRA 'accords the President virtually complete control over his records during his term of office.' Neither the Archivist nor an agency head can initiate any action through the Attorney General to effect recovery or ensure preservation of presidential records." *Armstrong v. Exec. Off. of the President, Off. of Admin.*, 1 F.3d 1274, 1290-91 (D.C. Cir. 1993) (cleaned up). And although the Archivist may "request congressional advice regarding the President's intention to dispose of presidential records . . . neither the Archivist nor the Congress has the authority to veto the President's disposal decision." *Id.* at 1291 (quotation omitted). In contrast, an agency may not "destroy[] a document after it has

---

[5] Even now, if Defendants would stipulate to an order requiring preservation of all records that may be responsive to American Oversight's FOIA requests, American Oversight would modify its opposition and consent to a short extension.

been requested under FOIA . . . ." *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1004 (D.C. Cir. 2009).

Therefore, the DOGE Defendants' assertion—two days after Judge Cooper's order—that they are not subject to FOIA presents a substantial risk that records responsive to American Oversight's requests will not be preserved pending resolution of the question of FOIA's applicability. And their refusal to stipulate to that preservation, even as part of conferral regarding the government's requested extension of time in FOIA litigation concerning that very question—especially when viewed in the context of the conduct described above—gives rise to the reasonable inference that the DOGE Defendants intend to reserve the option to destroy records that would be responsive to American Oversight's FOIA requests.

### *The Urgency of the Requests Weigh Against Granting an Extension*

Finally, given American Oversight's request for expedited processing of its two January 30 requests, further delay will cause significant harm. In the FOIA context, "stale information is of little value." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). These expedited requests concern DOGE's role in the January 24 firings of 18 inspectors general. Am. Compl. ¶¶ 94-108, American Oversight's mission is to promote accountability in government through transparency, and it is primarily engaged in disseminating information to the public. *See id.* ¶¶ 5, 98, 104-106 & Exs. A-B; s*ee also Am. Oversight v. U.S. Dep't of Just*., No. 24-cv-02789-PLF (D.D.C. Oct. 21, 2024) (finding that American Oversight is an organization primarily engaged in disseminating information). And there is a compelling need to inform the public about the firings of the inspectors general. *See* 5 C.F.R. § 1303.40(e)(1)(ii);[6] Am. Compl., Exs. A, B.

---

[6] This is Defendant OMB's regulation. It has not been adopted by the DOGE Defendants, which claim that they are not even subject to FOIA.

Moreover, there is widespread public interest in these firings, which raise questions about the Government's integrity that affect public confidence. *See* 5 C.F.R. § 1303.40(e)(1)(iv); Am. Compl., Exs. A, B.

In light of the foregoing, therefore, we respectfully ask the Court to deny Defendants' motion to extend their time to respond to Plaintiff's Amended Complaint. A proposed order is attached.

Dated: March 21, 2025                              Respectfully submitted,

*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
David Kronig
D.C. Bar No. 1030649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
Elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*