IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, | ) ) ) |
| *Plaintiff*, | ) ) ) ) |
| v. | ) Case No. 25-cv-409-BAH ) ) |
| U.S. DEPARTMENT OF GOVERNMENT EFFICIENCY, et al. | ) ) ) ) |
| *Defendants*. | ) ) |

**DECLARATION OF ELIZABETH HADDIX**

I, ELIZABETH HADDIX, hereby declare as follows:

1. I am Senior Counsel at American Oversight and counsel of record for American Oversight in the above-captioned action. I make this declaration based on my personal knowledge, through consultation with my colleagues at American Oversight and a review of American Oversight's business records.

2. American Oversight is a non-partisan, nonprofit organization primarily engaged in disseminating information to the public and committed to ensuring transparency in government and promoting accountability for government officials. American Oversight's primary professional activity or occupation is information dissemination.

3. American Oversight analyzes the records it receives, creates explanatory and editorial content on the basis of its findings, and highlights its findings for other media to ensure wide public dissemination. American Oversight also typically posts records it receives from public records requests for free public viewing on its website. American Oversight disseminates the

information it receives to facilitate the American public's informed participation in self-government, including equipping the public with information it needs to effectively petition its representatives in Congress.

4. American Oversight intends to rapidly disseminate to the public the information it receives in response to the FOIA requests that are the subject of this litigation.

5. American Oversight sent two FOIA requests to the DOGE Defendants via both Defendant U.S. DOGE Service's ("USDS") and Defendant Office of Management and Budget's ("OMB") email addresses, on January 30, 2025, regarding the mass firings of inspectors general. Both sought expedited processing.

6. One, bearing internal tracking number OMB-25-0252 ("IG Key Terms Request"), sought email, text and other messaging platform communications sent by Musk, his chief of staff, secretary, scheduler, assistant or advisor, from January 20 through January 28, 2025, and containing any of a dozen key terms. A true and correct copy of the request is attached to the Amended Complaint as Exhibit A, ECF No. 5-9.

7. The second, bearing internal tracking number OMB-25-0253 ("IG Communications Request"), sought records reflecting communications between USDS officials, including Musk, and forty-one Senate offices and committees during the same eight-day time period. A true and correct copy of the request is attached to the Amended Complaint as Exhibit B, ECF No. 5-10.

8. Defendant OMB acknowledged receipt of the two IG requests and assigned them agency tracking numbers 2025-613 (IG Key Terms) and 2025-614 (IG Communications). True and correct copies of OMB's acknowledgements are attached to the Amended Complaint as Exhibits C (IG Key Terms) and D (IG Communications). ECF Nos. 5-11 and 5-12.

9. American Oversight sent six FOIA requests to Defendants USDS and OMB on February 3, 2025. All six were submitted to both USDS and OMB email addresses.

10. One, bearing internal tracking number OMB-USDS-25-0263 (hereinafter "Pre-inauguration Communications Request"), sought communications between the U.S. Digital Service's Administrator, Senior Advisor or anyone communicating on either's behalf, and anyone communicating on behalf of DOGE. A true and correct copy of the request is attached to the Amended Complaint as Exhibit E, ECF No. 5-13.

11. Defendant OMB acknowledged the Pre-inauguration Communications Request on February 4, 2025, assigning it agency tracking number 2025-642. A true and correct copy of the acknowledgement is attached to the Amended Complaint as Exhibit F, ECF No. 5-14.

12. American Oversight also sent a request bearing internal tracking number OMB-USDS-25-0264 (hereinafter "Pre-inauguration Key Terms Request") seeking communications sent from or received by the U.S. Digital Service's Administrator, Senior Advisor or anyone communicating on either's behalf, and containing any of twenty-five (25) key terms. A true and correct copy of the request is attached to the Amended Complaint as Exhibit G, ECF No. 5-15.

13. Defendant OMB acknowledged the Pre-inauguration Key Terms Request on February 4, 2025, and assigned it agency tracking number 2025-641. A true and correct copy of the acknowledgement is attached to the Amended Complaint as Exhibit H, ECF No. 5-16.

14. American Oversight sent another request, bearing internal tracking number OMB-USDS-25-0265 (hereinafter "Musk Calendar Request"), seeking Musk's calendars from January 20, 2025, through the date of search. A true and correct copy of the request is attached to the Amended Complaint as Exhibit I, ECF No. 5-17.

15. Defendant OMB acknowledged the Musk Calendar Request on February 4, 2025, assigning it agency tracking number 2025-643. A true and correct copy of the acknowledgement is attached to the Amended Complaint as Exhibit J, ECF No. 5-18.

16. American Oversight sent another request, bearing internal tracking number OMB-USDS-25-0266 (hereinafter "Musk External Communications Request"), seeking text and other messages Musk sent or received from January 20, 2025 through the date of search, and email communications during the same time period, between Musk, his chief of staff, secretary, scheduler, assistant or advisor, and any of eighteen external entities and individuals. A true and correct copy of the request is attached to the Amended Complaint as Exhibit K, ECF No. 5-19.

17. Defendant OMB acknowledged the Musk External Communications Request on February 4, 2025, assigning it agency tracking number 2025-644. A true and correct copy of the acknowledgement is attached to the Amended Complaint as Exhibit L, ECF No. 5-20.

18. American Oversight sent another request, bearing internal tracking number OMB-USDS-25-0267 (hereinafter "USDS Staffing Request"), seeking resumes, conflicts and ethics waivers or authorizations, and SF-50 forms for each individual who entered a position at USDS since January 20, 2025. A true and correct copy of the request is attached to the Amended Complaint as Exhibit M, ECF No. 5-21.

19. Defendant OMB acknowledged this request by email on February 4, 2025, assigning it agency tracking number 2025-645. A true and correct copy of the acknowledgement is attached to the Amended Complaint as Exhibit N, ECF No. 5-22.

20. American Oversight's final (eighth) request sent on February 3, 2025, bearing internal tracking number OMB-USDS-25-0268 (hereinafter "Musk Employment Request"), seeks records "sufficient to identify Elon Musk's job title, grade level, position description, and salary,

including but not limited to Elon Musk's form SF-50." A true and correct copy of the request is attached to the Amended Complaint as Exhibit O, ECF No. 5-23.

21. Defendant OMB acknowledged this request by email on February 5, 2025, assigning it agency tracking number 2025-646. A true and correct copy of the acknowledgement is attached to the Amended Complaint as Exhibit P, ECF No. 5-24.

22. Except for the acknowledgments from Defendant OMB, American Oversight received no further communications from any Defendant regarding any of the eight FOIA requests until March 12, 2025.

23. On March 12, 2025, American Oversight received an email from the address [admin@DOGE.eop.gov](mailto:admin@DOGE.eop.gov), "in reference to your Freedom of Information Act (FOIA) requests—the first of which was submitted on January 30, 2025, and multiple others on February 3, 2025 . . ." The email stated: "As set forth in Executive Order 14158, Establishing and Implementing the President's 'Department of Government Efficiency,' USDS sits within the Executive Office of the President, and the USDS Administrator reports to the President's Chief of Staff. We write now to inform you that USDS is subject to the Presidential Records Act, 44 U.S.C.S. § 2201 et seq., and is not subject to FOIA. We therefore decline your request." A true and correct copy of this email is attached to this declaration as Exhibit 1.

24. Although the email did not provide any further identifying details regarding the FOIA requests, all eight of American Oversight's requests at issue in this lawsuit were sent on January 30, 2025, and February 3, 2025. We therefore understand this email to be the DOGE Defendants' denial of all eight requests.

25. On March 20, 2025, I received an email from Defendants' counsel, which appears to have been sent at 5:00 p.m. on March 19, 2025. See attached Exhibit 2. Because Defendants'

counsel did not use my correct email address, I did not receive the email until the following day, when it was forwarded to me by my colleague, David Kronig. I responded promptly to Defendants' counsel, explaining that due to the urgency of the information sought, American Oversight could not consent, and asked whether Defendants would stipulate that they "ha[ve] preserved and will continue to preserve all records responsive to American Oversight's eight FOIA requests" and "agree to limited discovery and an expedited briefing schedule on the merits of whether [DOGE] is subject to FOIA." *Id.*

26. Defendants' counsel, Mr. Bardo, immediately responded: "We will preserve all records in accordance with federal record retention laws. We absolutely will not be agreeing to discovery because FOIA does not provide for discovery." *Id*. I promptly replied, asking Mr. Bardo to clarify which "federal record retention laws" he was referring to, and repeated American Oversight's request that Defendants stipulate to the preservation of all records responsive to our eight FOIA requests. *Id.*. I subsequently spoke twice with Mr. Bardo by telephone on March 20. In our second conversation, which took place after this Court's order allowing American Oversight until noon on March 21 to file an opposition to Defendants' motion for extension of time, Mr. Bardo agreed to advise me by 10:00 a.m. on March 21 whether the DOGE Defendants would stipulate to a preservation order. Mr. Bardo also requested I send him a copy of Judge Cooper's March 10, 2025 order mandating DOGE's preservation of all records requested by another plaintiff under FOIA, *see Citizens for Resp. & Ethics in Washington ("CREW") v. U.S. DOGE Serv.*, No. 25-CV-511 (CRC), 2025 WL 752367, at *10 (D.D.C. Mar. 10, 2025), which I did. *See* Ex. 2.

27. At 10:08am on March 21, I received Mr. Bardo's response that "OMB has assured me that they are complying with the Federal Records Act to preserve all records including those responsive to the FOIA request," and that while the DOGE Defendants—the only parties of

concern on this point—have not offered any similar "assurances," "agencies would also need to preserve records in order to comply with the litigation hold letter that we send out." Exhibit 3, attached.

28. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 21, 2025                              /*s/ Elizabeth Haddix*
                                                    Elizabeth Haddix


Dated: March 21, 2025                              Respectfully submitted,

                                                    */s/ Elizabeth Haddix*
                                                    Elizabeth Haddix
                                                    D.C. Bar No. 90019750
                                                    David Kronig
                                                    D.C. Bar No. 1030649
                                                    AMERICAN OVERSIGHT
                                                    1030 15th Street NW, B255
                                                    Washington, DC 20005
                                                    (202) 869-5246
                                                    Elizabeth.haddix@americanoversight.org

                                                    *Counsel for Plaintiff*

1.