IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 25-cv-409-BAH |
| U.S. DEPARTMENT OF GOVERNMENT EFFICIENCY, et al. | ) |
| *Defendants*. | ) |

**PLAINTIFF'S MOTION FOR PRESERVATION ORDER**

Plaintiff American Oversight respectfully moves this Court, pursuant to the Court's inherent authority, for a preliminary order requiring Defendants Department of Government Efficiency, U.S. DOGE Service ("USDS"), and U.S. DOGE Temporary Service Organization (collectively, "DOGE")[1] to (1) preserve all records that may be responsive to any of the eight (8) Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") requests that are the subject of this litigation pending a final adjudication on the merits of American Oversight's claim that the DOGE is subject to FOIA and (2) inform the Court whether all records that may be responsive to any of American Oversight's FOIA requests at issue in this case have been preserved to date.

---

[1] American Oversight uses the acronym "DOGE" coterminous with "USDS," as "DOGE" is the acronym used publicly by Elon Musk, Donald Trump, and other White House officials when referring to actions taken by the U.S. DOGE Service and/or Agency Heads operating on directives from Musk as DOGE's leader. *See generally* Am. Compl. ¶¶ 41-55. Additionally, USDS's March 12 belated response to American Oversight's eight FOIA requests was sent from a new "DOGE" email address, admin@DOGE.eop.gov, which apparently now responds on behalf of USDS. *See* Haddix Decl. in Opp'n to Defs.' Mot. to Extend Time ¶ 23 & Ex. 1 (ECF Nos. 10-1, 10-2).

1

As detailed in its accompanying Memorandum in Support of Plaintiff's Motion for Preservation Order, American Oversight's motion satisfies each of the required elements for injunctive relief. First, American Oversight is likely to succeed on the merits where the overwhelming evidence shows that DOGE is subject to FOIA as an agency that wields substantial power independent of the president and where, at a bare minimum, American Oversight has raised substantial legal questions going to the merits of the case.

Second, American Oversight has shown it will suffer irreparable harm absent preliminary relief because there are multiple independent grounds to believe that records responsive to American Oversight's FOIA requests may not be being preserved: (1) the Presidential Records Act—to which DOGE claims to be subject—protects a narrower set of documents than does FOIA or the Federal Records Act and accords the president a great deal more latitude over disposal of those records; (2) DOGE's record-keeping practices suggest that it may, to date, have been unfamiliar with or indifferent to its preservation obligations; and (3) DOGE's conduct in this case suggests an unwillingness to preserve records.  And if records that should have been preserved are destroyed or otherwise not preserved, American Oversight will have no recourse.  This will irreparably harm American Oversight, a non-partisan, nonprofit organization primarily engaged in disseminating information to the public and committed to ensuring transparency in government and promoting accountability for government officials. *See* Decl. of Elizabeth Haddix, Ex. A at n.14 (attaching a portion of the Transcript of Oral Argument in *Am. Oversight v. U.S. Dep't of Just.*, No. 24-cv-02789-PLF (D.D.C. Oct. 21, 2024) that found that American Oversight is an organization primarily engaged in disseminating information).

Third, a preservation order does no harm to any legitimate government interests because DOGE suffers no hardship in complying with its duty to preserve federal records responsive to

American Oversight's requests or its general obligations to preserve records relevant to matters of ongoing litigation.

Finally, the public interest weighs in favor of granting preliminary relief because FOIA exists to make public records that belong to the American people. A preservation order merely maintains the Court's ability to do so here should the Court ultimately rule that DOGE is subject to FOIA.

Pursuant to Local Rule 7(m), American Oversight discussed the relief sought with counsel for Defendants; however, the parties were unable to reach agreement as to that relief.

American Oversight asks that the Court schedule a hearing on this Motion at the Court's earliest convenience.

Dated: March 24, 2025                                       Respectfully submitted,

*/s/ David Kronig*
David Kronig
D.C. Bar No. 1030649
Elizabeth Haddix
D.C. Bar No. 90019750
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
david.kronig@americanoversight.org
*Counsel for Plaintiff*