# EXHIBIT A

```
                          UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF COLUMBIA


AMERICAN OVERSIGHT,            )
                               )
       Plaintiff,              )
                               )
    vs.                        )  CASE NO. 1:24-cv-02789-PLF
                               )
U.S. DEPARTMENT OF DEFENSE,    )
et al.,                        )
                               )
       Defendants.             )
_____)


                    TRANSCRIPT OF MOTION HEARING
         BEFORE THE HONORABLE PAUL L. FRIEDMAN, DISTRICT JUDGE
                     Monday - October 21, 2024
                       2:36 p.m. - 4:18 p.m.
                          Washington, DC
```

**FOR THE PLAINTIFF:**
   American Oversight
   BY:  DANIEL H. MARTINEZ and ELIZABETH HADDIX
   1030 15th Street, NW, Suite B255
   Washington, DC 20005
   (202) 897-2465


**FOR THE DEFENDANTS:**
   United States Attorney's Office, Civil Division
   BY:  DEDRA S. CURTEMAN
   601 D Street, NW
   Washington, DC 20530
   (202) 252-2550

---

**SONJA L. REEVES**
**Registered Diplomate Reporter**
**Certified Realtime Reporter**
**Federal Official Court Reporter**
333 Constitution Avenue, NW
Washington, DC 20001
Transcript Produced from the Stenographic Record

1          And finally, the discussion about the failure to
2    allocate resources, again, this is a narrow request long past
3    since the 20 days, and for those reasons we believe that the
4    preliminary injunction is justified.
5          THE COURT:  Thank you.  Why don't we take about ten
6    minutes and then we'll come back.  Maybe 15.
7       (Recessed from 3:30 p.m. to 3:44 p.m.)
8          THE COURT:  Anybody else have anything else they want
9    to say?
10         MS. CURTEMAN:  No, Your Honor.
11         MR. MARTINEZ:  No, Your Honor.
12         THE COURT:  Give me a minute, please.  I have
13   something I want to say.
14      (Pause)
15         THE COURT:  Okay.  So I'm going to give you an opinion
16   now.  Hopefully, it will be reasonably articulate.  It's always
17   more articulate if you write an opinion, but it takes longer.
18         So the plaintiff is asking for a preliminary
19   injunction, and they are asking for expedited processing and
20   asking me to direct the defendants, the Department of Defense
21   and the Department of the Army, to expedite their FOIA request.
22         And secondly, they are asking for a decision on their
23   FOIA request, which, as I understand it is a request for a
24   mandatory injunction to require the defendants to produce any
25   nonexempt records by the date certain that they have asked for,

1   which is later this week, October 26th [sic].
2          And their assumption is that it's a narrow request,
3   that there may only be one document or a few documents, because
4   what is requested is any report, including, but not limited to,
5   an incident report filed with U.S. Army Military Police Corps
6   officials and/or any other military officials that are at
7   Arlington National Cemetery regarding the alleged incident
8   reported to have taken place during the August 26, 2024 visit
9   by former President Trump to Arlington National Cemetery.
10         And originally they said, "Given that this request is
11  limited to a specific, recent, and readily identifiable
12  document or documents, American Oversight expressed that this
13  request can be processed very quickly and promptly."  That was
14  what they asked for on August 29th.
15         When they basically heard nothing, perhaps in part
16  because of the Arlington National Cemetery website or some
17  other kerfuffles that are outlined in the plaintiff's
18  September 25th document, letter, asking for expedited
19  processing of their request, they didn't hear anything in the
20  month between August 29th and September 29th, and so they then
21  made a request for expedition.
22         Of course, the government says that they waited a
23  month to ask for expedition.  The plaintiff's response is we
24  only waited a month because we thought they would respond and
25  instead we got all these things that now indicate that the

```
 1  Arlington National Cemetery website was all messed up or
 2  whatever else.
 3          So the argument is being made by the government that
 4  the plaintiffs cannot and have not met the requisites for
 5  expedition.  As we know, the legal standard for preliminary
 6  injunction is that the moving party, the plaintiffs, must
 7  establish the likelihood of success on the merits first, then
 8  likely irreparable harm in the absence of preliminary relief,
 9  and the balance of the equities in its favor in accord with the
10  public interest.  That's the Winter case from the Supreme Court
11  and numerous cases from this circuit applying the Winter case.
12          So have the plaintiffs met their burden for expedition
13  and for the immediate release of any nonexempt records, which
14  they assume and I assume are limited in number?  So I'm going
15  to grant the motion for preliminary injunction for these
16  reasons:
17          The Freedom of Information Act itself in Title 5
18  United States Code Section 552 in subpart, I think it's
19  (a)(1)(D)(i) and (a)(1)(E)(i), but I may be wrong.  I know it's
20  a subpart (D)(i) and subpart (E)(i).  And (D)(i) says that each
21  agency may promulgate regulations concerning FOIA requests.
22          More importantly, as relevant here, the statute says,
23  "Each agency shall promulgate regulations pursuant to notice
24  and receipt of public comment, providing for expedited
25  processing of requests for records in cases in which the person
```

1  requesting the records demonstrates compelling need."

2          The Department of Defense has promulgated such
3  regulations, and they are found at Title 32 C.F.R. Section
4  286.8.  And they say that, "FOIA requests shall be processed
5  with expedition where there is compelling need and where the
6  persons or requester requests expedition and demonstrates a
7  compelling need."  So everybody agrees the burden is on the
8  requester to show compelling need.

9          The regulation says, "A compelling need exists for a
10 variety of reasons," but the most relevant one here is "if the
11 information is urgently needed by an individual primarily
12 engaged in disseminating information in order to inform the
13 public concerning actual or alleged governmental activity."

14         It goes on to say -- that DOD regulation goes on to
15 say, "For requester seeking expedited processing under
16 paragraph (e)(i)(B), a requester who is not a full-time member
17 of the news media must establish that the requester is a person
18 whose primary professional activity or occupation is
19 information dissemination and not an incidental or secondary
20 activity."

21         So American Oversight is not a full-time member of the
22 news media.  They say that they are showing compelling need
23 because their primary activity is disseminating of
24 information -- the dissemination of information.

25         The government says that there is no compelling need,

1  there is no urgency, there is no current exigency or interest
2  in these documents because in part one of the arguments is that
3  the plaintiff waited a month to make the expedition request,
4  but I don't find that troubling, because they couldn't get an
5  answer from the Veterans Administration by asking for prompt
6  processing, so that's when they filed the expedition request.
7  　　　　　In fact, one could argue that to the extent there is a
8  public interest in this material, that it's even more important
9  and more exigent now as we get closer to the election.  The
10  government says the media has not been reporting on this, the
11  public is not clamoring for this, there are only three NPR
12  articles.
13  　　　　　Well, a quick Google search says that's not true.
14  There were reports on this incident on CNN, on Al Jazeera, on
15  MSNBC, all the major outlets.  And so out of the likelihood of
16  success argument, we have to show -- or the plaintiffs have to
17  show a compelling need, urgency, which is part of compelling
18  need, urgent public interest, and that there is a substantial
19  public interest still, and in order to show those things, they
20  have to show that their primary activity is disseminating
21  information.
22  　　　　　So we discussed a lot of cases here today, and among
23  the cases the government relies on is Judge Kotelly's opinion,
24  *Allied Progress*.  The plaintiffs rely on a number of cases that
25  I think are more relevant.  And I mean, I would start, despite

1  the government's correct observation with Judge Cooper's
2  opinion on *American Oversight versus U.S. Department of State*,
3  in which he granted expedition, granted a preliminary
4  injunction on expedition, and that's 414 F.Supp. 3d, page 182.
5            The government is correct that Judge Cooper did not
6  explicitly make the findings that are required, but it's
7  implicit in that opinion that he did when he found the
8  substantial likelihood of success.  What was sought there is
9  information about the government's -- Mr. Trump's former legal
10 advisor, the now disbarred Rudy Giuliani, in connection with
11 the January 6th Committee.  And Judge Cooper found that there
12 was a likelihood of success on the merits.
13           And as for irreparable harm, he said that -- and this
14 had to do with Mr. Giuliani's alleged efforts to enlist
15 Ukraine's assistance in furthering the president's reelection
16 prospect.  On the irreparable harm front, Judge Cooper said,
17 "Time is clearly of the essence.  The impeachment inquiry is in
18 full swing, and, as noted above, congressional leaders expect
19 it to conclude by Christmas, so it's time."
20           Implicit in this is that American Oversight is
21 primarily engaged in disseminating information, or else Judge
22 Cooper wouldn't have reached these other questions, but he
23 didn't specifically say that, I get that.
24           So let's look at some other cases.  In *Protect*
25 *Democracy versus U.S. Department of Defense*, 263 F.Supp. 3d

1  293, Judge Cooper granted preliminary injunction for processing
2  because it related to cruise missile strikes on a Syrian air
3  base, and he found that, "Protect Democracy has shown it's
4  entitled to expedited processing," for reasons he discussed in
5  that opinion, and the timing of all of this.  He did not find
6  all the other requisites; he only found some of them.
7          However, in *Brennan Center for Justice versus*
8  *Department of Commerce*, Judge Kelly was dealing with the 2020
9  U.S. Census, and he found there was a lot of dispute and debate
10 about whether the Commerce Department had done some
11 inappropriate things in counting or not counting certain people
12 with respect to the 2020 census that would affect people's
13 right to vote or not.
14         And Judge Kelly found that there was an urgency to
15 inform the public before the election because people want to
16 know if the Commerce Department under Secretary Ross and the
17 Trump administration had messed around with the census before
18 they went to the polls in 2020.  And he found there was a
19 likelihood of success on the merits of expedition, that there
20 was widespread and exceptional interest in the matter, there
21 were numerous articles about the matter which raised questions
22 about the government's integrity, and that there was an urgency
23 to inform the public by the Brennan Center, which it said is a
24 person or entity primarily engaged in disseminating
25 information.

1       While the Brennan Center had lots of other things as
2  well, it regularly writes and publishes and disseminates
3  information and maintains an online library of numerous
4  articles.  That's a quote from their website, I believe.  That
5  there was an urgency to inform the public of these matters.  He
6  decided this on October 30, 2020, as we were approaching the
7  2020 election.
8       *Center for Public Integrity versus U.S. Department of
9  Defense*, Judge Kotelly, "We need an informed electorate," she
10  said.  Expedited processing was approved by Judge Kotelly on a
11  motion for preliminary injunction.  "Only an informed
12  electorate can develop its opinions of its elected officials,"
13  she said.
14       And this related to the administration's policy of
15  conducting surveillance or alleged policy of domestic
16  communications about prior judicial -- or maybe that's not this
17  case.  She was quoting electronic privacy and phone, and that's
18  what she was talking about.  In this case, this had to do with
19  the Defense Department's handling of the Ukraine security
20  assistance program.  She said, "This is a matter of immediate
21  concern to the American public, given extensive media interest
22  in the fate of the program and pressure placed upon the
23  Department regarding this program."
24       As to irreparable harm, this was during the time of
25  the impeachment proceedings relating to Ukraine, and she

1  thought and said that, "The public should be informed about
2  matters relating to the impeachment proceeding.  The
3  dissemination of information relating to the ongoing
4  impeachment proceedings contributes to an informed electorate
5  capable of developing knowledge of opinions and sharing those
6  knowledge of opinions with their elected leaders.  Absent
7  expedited responses, it's not clear that the public would
8  otherwise have access to this relevant information."
9         All of these courts were applying the *Al-Fayed*
10 factors.  And then there is Judge Sullivan's opinion in *Protect*
11 *Democracy versus United States Department of Justice*, 498
12 F.Supp. 3d 132, relating to voter fraud in the 2020 election,
13 and specifically the investigation of mail-in voter fraud,
14 getting close to the election.
15        So those are all the cases -- those are not all of the
16 cases.  Those are some of the cases that support the
17 plaintiff's position.
18        The government relies on *Allied Progress*, Judge
19 Kotelly's opinion, 2017 Westlaw 1750263 in 2017 where she
20 denied preliminary injunction because she found that they were
21 not primarily engaged in the dissemination of information and
22 urgency, both.
23        Again, those were the facts of that case as she found
24 them, but as I just cited in another Judge Kotelly opinion,
25 clearly each of these cases is very fact specific in whether

1   someone has met their burden.

2   So I find that the defense has shown -- plaintiffs
3   have shown compelling need and an urgency.  The question that
4   is a part of this is whether American Oversight is primarily
5   engaged in disseminating information, and the government says
6   -- they make the statement that it's very conclusory.

7   The plaintiffs in a number of places, but particularly
8   I think in their September 25, 2024 request for expedition,
9   say, "I further certify that we are primarily engaged in
10  disseminating information to the public.  Our mission is to
11  promote transparency in government, to educate the public about
12  government activities and ensure the accountability of
13  government officials."

14  "American Oversight gathers information of potential
15  interest to a segment of the public, uses its editorial skills
16  to turn the raw material into distinct work and distributes
17  that work to an audience.  It educates the public through
18  reports, press releases and other media.  American Oversight
19  also makes the materials it gathers available on its public
20  website and promotes their availability on social media
21  platforms."

22  Putting it on a public website is disseminating it to
23  the public.  Writing and issuing reports and press releases is
24  disseminating it to the public.  It's not conclusory.  They
25  have made that representation.  And as they point out in their

1  reply memorandum at page 11, there are other organizations that
2  have similar missions and similar ways to disseminate
3  information and expedition has been granted to them.
4          And they cite in particular the *Protect Democracy* case
5  that I discussed a little while ago, 263 F.Supp. 3d at 293, but
6  the particular discussion and conclusion about dissemination is
7  at page 298 of that opinion.  I think the *Brennan Center*
8  opinion is another one.
9          So we are now two weeks before the election, and I
10 think that there are segments of the public that would like to
11 know and there is even more urgency to the request now than
12 there may have been in August or September.  The request is
13 narrow.  It may only be one report or a number of documents.
14         Presumably, even though the Department of Defense and
15 the Department of the Army will have to do a search in order to
16 look, "Arlington National Cemetery," can do a search term.  You
17 can do "Arlington National Cemetery, August 26, 2024."
18         So I think I have discussed likelihood of success on
19 the merits and irreparable harm.  And the other two prongs for
20 preliminary injunction, the public interest and equitable
21 concerns, I think that the balance of the equities and whether
22 it's in accordance with the public interest, as was said during
23 the oral argument, I think once I find irreparable harm, seems
24 to me that, and the urgency in the public interest also
25 effectively answers the public interest in balance of the

1  equity prongs.

2           So I think I have covered what I want to say.  And to
3  me, that is sufficient, but I'll ask either side if they want
4  to say anything further to deal with the question of the right
5  to a preliminary injunction directing expedition under the
6  statute and regulations, but given what I have said about that,
7  and the fact that the election is two weeks away, it seems to
8  me -- and the fact that it's a narrow request for nonexempt
9  records and it may only be one report or a few documents, that
10 what I have said also is sufficient to grant the request for
11 release of nonexempt documents.

12          Let me first ask the plaintiffs if there is anything
13 you think I have missed or need to address, and then I'll ask
14 the government a similar question.

15          MR. MARTINEZ:  Thank you, Your Honor.  I just want to
16 be clear.  What is the date that you are --

17          THE COURT:  What is it you're requesting?

18          MR. MARTINEZ:  We requested Friday, October 25th.

19          THE COURT:  For release.

20          MR. MARTINEZ:  For release.

21          THE COURT:  So I order expedition, which means start
22 tomorrow looking for the stuff, and so I'll order release by
23 Friday, October 25th.

24          MR. MARTINEZ:  Thank you, Your Honor.

25          MS. CURTEMAN:  Your Honor, the government would just