# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 25-cv-409-BAH |
| U.S. DEPARTMENT OF GOVERNMENT EFFICIENCY *et al.*, | ) |
| *Defendants*. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATUS REPORT**

1

Plaintiff hereby submits this response to Defendants' April 7, 2025 Status Report ("Report"), ECF No. 16. The Report fails to comply with this Court's April 2, 2025 Preservation Order, ECF No. 15. Therefore, Plaintiff asks the Court to order Defendants U.S. Department of Government Efficiency, U.S. DOGE Service, U.S. DOGE Service Temporary Organization, and U.S. Digital Service (collectively, "the DOGE Defendants") to memorialize, through declarations, the steps taken to: (1) identify, locate, and preserve records potentially responsive to each of Plaintiff's eight FOIA requests at issue in this litigation, and (2) determine whether any such records were removed or destroyed prior to this Court's Preservation Order.  In support, Plaintiff offers the following:

### *Defendants' Report Fails to Comply with the Preservation Order's Clear Requirements*

On April 2, the Court entered a Minute Order granting American Oversight's motion for a preservation order over Defendants' opposition.  Minute Order, Apr. 2, 2025 ("Preservation Minute Order").  This order noted that, while "the Court presumes that executive officials . . . act in good faith" and

> DOGE has issued a litigation hold, DOGE personnel "may not fully appreciate their obligations to preserve federal records," as "many of [the] staffers are reported to have joined the federal government only recently and . . . may not be steeped in its document retention policies," . . . which, under FOIA, reaches even those government records stored on private devices.

Preservation Minute Order (quoting *Citizens for Resp. & Ethics in Wash. v. U.S. DOGE Service* ("*CREW*"), No. 25-cv-511 (CRC), 2025 WL 752367, at *16-17 (D.D.C. Mar. 10, 2025). The Court further discussed the "[a]dditional concerns" arising from "the fact that DOGE 'operat[es] with unusual secrecy,' which includes the use of 'Signal, an encrypted messaging app with an auto-delete function'"; DOGE's refusal to stipulate to "its preservation obligations of documents that are at the heart of this litigation"; and the fact that "DOGE insists that . . .

compliance with the Presidential Records Act . . . is sufficient compliance with preservation obligations in this case." Preservation Minute Order (internal citations omitted).

The Court followed its Minute Order with entry of a Preservation Order requiring the DOGE Defendants to "inform the Court by Monday, April 7. . . whether all records that may be responsive to plaintiff's records requests, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 *et seq.*, at issue in this case have been preserved to date"; and further ordering that "DOGE shall preserve all records that may be responsive to any of plaintiff's FOIA requests at issue in this case." Order (Apr. 2, 2025), ECF No. 15.

Defendants' April 7 Status Report falls short of those requirements. Instead of stating whether documents have been preserved to date, it states only that Defendants

> have made all reasonable efforts to ensure preservation of records potentially responsive to the Freedom of Information Act requests that are the subject of this lawsuit and will continue to do so. Consistent with the Court's order, the US DOGE Service has also circulated the Order to all US DOGE Service employees and directed them again to preserve all potentially responsive records.

Defs.' Status Report, ECF No. 16. It provides no statement nor information regarding "whether all records that may be responsive to plaintiff's records requests . . . have been preserved to date," Order, ECF No. 15. In addition, the vague assertion that DOGE has made "reasonable efforts" to preserve records says nothing about when those efforts commenced or whether those efforts have been successful.

In light of the concerns regarding DOGE's records preservation practices and the fact that Defendants' Status Report does not do what the Preservation Order specifically directed the DOGE Defendants to do, American Oversight asks the Court to order the DOGE Defendants to respond with sworn declarations that summarize the steps taken to identify, locate and preserve records potentially responsive to the eight FOIA requests at issue, and the steps taken to ensure no such records have been removed or destroyed to date, i.e., since American Oversight submitted its FOIA

requests on January 30, 2025. *See, e.g.*, Minute Order, *American Oversight v. Hegseth et al.*, 25-cv-883 (JEB) (D.D.C. Mar. 27, 2025) (ordering defendants to "file a Status Report with declarations setting forth the steps that they have taken to implement" the court's preservation order). Alternatively, the DOGE Defendants should be required to amend their Report to describe those steps.

| | |
|---|---|
| Dated: April 8, 2025 | Respectfully submitted, |

*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
David Kronig
D.C. Bar No. 1030649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
Elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*