UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,

         Plaintiff,

    v.

U.S. DEPARTMENT OF GOVERNMENT
EFFICIENCY et al.,

        Defendants.

Civil Action No. 25-0409 (BAH)

### ANSWER

    Defendants, U.S. Department of Government Efficiency, U.S. DOGE Service, U.S. DOGE

Service Temporary Organization (collectively, "USDS"), U.S. Digital Service, and the Office of

Management and Budget ("OMB") (collectively, "Defendants"), by and through undersigned

counsel, respectfully submits the following Answer to Plaintiff American Oversight's First

Amended Complaint (ECF No. 5) under the Freedom of Information Act ("FOIA"). All

allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.

Defendants respectfully refer the Court to all referenced external documents, statutes, or other

sources as the best evidence of their contents. Moreover, to the extent that the First Amended

Complaint refers to or quotes from external documents, statutes, or other sources, such references

are not intended to be, and should not be construed to be, an admission that the cited materials:

(a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are

admissible in this, or any other, action. Moreover, Defendants reserve the right to amend, alter,

and supplement the defenses contained in this Answer as the facts and circumstances giving rise

to the First Amended Complaint become known to the Defendants through the course of this litigation.

Defendants respond to the separately numbered paragraphs as follows:

## FIRST AMENDED COMPLAINT[1]

1. This paragraph consists of Plaintiff's characterization of this litigation, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff brings claims under the FOIA and the Declaratory Judgment Act.

## JURISDICTION AND VENUE

2. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms and conditions of FOIA and pursuant to 5 U.S.C. § 552(a)(4)(B).

3. This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District for a properly pleded FOIA action pursuant to 5 U.S.C. § 552(a)(4)(B).

4. This paragraph consists of legal conclusions to which no response is required.

## PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

6. Defendants admit that the U.S. DOGE Service is an entity within the Executive Office of the President. Defendants deny the remaining allegations in this paragraph.

---

[1]    For ease of reference, the Answer replicates the headings and titles contained in the First Amended Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7.      D Defendants admit that the U.S. DOGE Service is an entity within the Executive Office of the President.  Defendants deny the remaining allegations in this paragraph.

8.      Defendants admit that the U.S. DOGE Service is an entity within the Executive Office of the President.  Defendants deny the remaining allegations in this paragraph.

9.      Defendants admit that the U.S. DOGE Service is an entity within the Executive Office of the President.  Defendants deny the remaining allegations in this paragraph.

10.     Deny

11.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required Defendants deny the allegations in this paragraph.

12.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have custody over at least some of the records that Plaintiff seeks.

13.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have custody over at least some of the records that Plaintiff seeks.

14.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have custody over at least some of the records that Plaintiff seeks.

15.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have custody over at least some of the records that Plaintiff seeks.

16.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that OMB is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), and that OMB is headquartered in Washington, D.C., and deny that OMB has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

## STATEMENT OF FACTS

17.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26.     The allegations in this paragraph are Plaintiff's explanation for how it intends to refer to Defendants which do not require a response.

27.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28.     The allegations in this paragraph are Plaintiff's characterizations of a Court's opinion in another case.  The opinion speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited opinion and deny any characterizations inconsistent therewith.

29.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

30.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence

or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

31.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

33.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

34.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

35.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

36.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

37.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

38.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

39.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

40.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records

sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

41.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

42.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

43.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

44.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

45.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

46.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

47.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

48.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

49.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

50.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

51.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

52.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

53.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records

sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

54. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

55. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

56. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

57.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

58.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

59.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

60.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

61.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

62.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

63.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

64.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

65.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

66.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records

sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

67.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

68.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

69.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

70.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

71.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

72.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

73.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

74.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

75.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

76.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

77.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

78.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.    To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

79.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records

sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

80.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

81.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

82.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

83.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

84.    Deny.

85.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

86.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

87.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

88.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

89.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

90.    Deny.

91.    Deny.

92.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

93.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

94.    The allegations in this paragraph are Plaintiff's characterizations of a statute and regulation.  Defendants respectfully refer the Court to the cited statute and regulation as the best evidence of their contents and deny any allegations inconsistent with their plain meaning.

95.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

96.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

97.     Defendants admit that Plaintiff submitted a FOIA request on January 30, 2025, and Defendants respectfully direct the Court to the request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

98.     Defendants admit that Plaintiff submitted a FOIA request on January 30, 2025, and Defendants respectfully direct the Court to the request for a full and accurate statement of its contents and deny any allegations inconsistent therewith

99.     This paragraph contains Plaintiff's characterization of its FOIA requests, and Defendants respectfully direct the Court to the requests for full and accurate statements of their contents and deny any allegations inconsistent therewith.  Defendants admit that Plaintiff requested Expedited Process for these requests but deny that Plaintiff was entitled to expedited processing.

100.     OMB admits that it sent an email to Plaintiff regarding the "IG Key Terms Request" on January 31, 2025, and OMB respectfully directs the Court to this email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

101.    OMB admits that it sent an email to Plaintiff regarding the "IG Communications Request" on January 31, 2025, and OMB respectfully directs the Court to this email for a full and accurate statement if its contents and denies any allegations inconsistent therewith.

102.    Admit.

103.    Admit.

104.    This paragraph constitutes a characterization of OMB's January 31, 2025 emails, and OMB respectfully directs the Court to these emails for full and accurate statements of their contents, and denies any allegations inconsistent with them.  OMB admits that these emails did not adjudicate Plaintiff's requests for Expedited Processing, and nor did they constitute a final determination on either request.

105.    This paragraph constitutes a characterization of Plaintiff's requests, and Defendants respectfully direct the Court to these requests for full and accurate statements of their contents and deny any allegations inconsistent therewith.

106.    This paragraph constitutes a characterization of Plaintiff's requests, and Defendants respectfully direct the Court to these requests for full and accurate statements of their contents and deny any allegations inconsistent with them.

107.    This paragraph constitutes a characterization of Plaintiff's requests, and Defendants respectfully direct the Court to these requests for full and accurate statements of their contents and deny any allegations inconsistent with them.  Moreover, Defendants deny that Plaintiff is entitled to expedited processing.

108.    The allegations in this paragraph are Plaintiff's legal conclusions to which no response is required.

28

109.    The allegations in this paragraph are Plaintiff's legal conclusions to which no response is required.

110.    Defendants admit that Plaintiff submitted two FOIA requests on February 3, 2025, and Defendants respectfully direct the Court to the requests for a full and accurate statements of their contents, and deny any allegations inconsistent with them.

111.    This paragraph contains Plaintiff's characterization of one of its FOIA requests, and Defendants respectfully direct the Court to the request for a full and accurate statements of its contents, and deny any allegations inconsistent therewith.

112.    OMB admits that it sent an email to Plaintiff on February 4, 2025, and OMB respectfully directs the Court to this email for a full and accurate statement of its contents, and denies any allegations inconsistent with it.

113.    Admit.

114.    This paragraph contains Plaintiff's characterization of one of its FOIA requests. Defendants respectfully direct the Court to the request for a full and accurate statements of its contents and deny any allegations inconsistent therewith.

115.    OMB admits that it sent an email to Plaintiff on February 4, 2025.  OMB respectfully refers the Court to this email for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

116.    Admit.

117.    Defendants admit that Plaintiff submitted four FOIA requests on February 3, 2025, and Defendants respectfully direct the Court to the requests for full and accurate statements of their contents, and deny any allegations inconsistent therewith.

118.    This paragraph contains Plaintiff's characterization of one of its FOIA requests, and Defendants respectfully direct the Court to the request for a full and accurate statements of its contents and deny any allegations inconsistent therewith.

119.    Defendant OMB admits that it sent an email to Plaintiff on February 4, 2025, and Defendant OMB respectfully directs the Court to this email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

120.    Admit.

121.    This paragraph contains Plaintiff's characterization of one of its FOIA requests, and Defendants respectfully direct the Court to the request for a full and accurate statement of its contents, and deny any allegations inconsistent therewith.

122.    OMB admits that it sent an email to Plaintiff on February 4, 2025, and OMB respectfully directs the Court to this email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

123.    Admit.

124.    This paragraph contains Plaintiff's characterization of one of its FOIA requests, and Defendants respectfully direct the Court to the request for a full and accurate statements of its contents and deny any allegations inconsistent therewith.

125.    OMB admits that it sent an email to Plaintiff on February 4, 2025, and OMB respectfully directs the Court to this email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

126.    Admit.

127.    This paragraph contains Plaintiff's characterization of one of its FOIA requests, and Defendants respectfully direct the Court to the request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

128.    OMB admits that it sent an email to Plaintiff on February 5, 2025, and OMB respectfully directs the Court to this email for a full and accurate statement of its contents and denies any allegations inconsistent with it.

129.    Admit.

130.    The allegations in this paragraph are legal conclusions to which no response is required.

131.    OMB admits that it has not issued a determination in response to the FOIA requests that are the subject of this lawsuit.  The DOGE defendants aver that they have advised Plaintiff that they are not subject to FOIA.  Defendants deny the remaining allegations in this paragraph.

132.    The allegations in this paragraph are legal conclusions to which no response is required.

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing

132.    Defendants reallege and reincorporate their responses to paragraphs 1-131 of the First Amended Complaint.

133.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

134.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit have not adjudicated Plaintiff's requests for Expedited Processing.

135.    Deny.

136.    Deny.

137.    Deny

138.    Deny.

139.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant OMB admits that it must comply with the FOIA and with its FOIA regulations.

140.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

141.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

142.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

143.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## <u>COUNT II</u>
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

144.    Defendants reallege and reincorporate their responses to paragraphs 1-143 of the First Amended Complaint.

145.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

146.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant OMB denies.

147.    The DOGE Defendants deny that they are subject to FOIA.

148.    The DOGE Defendants deny that they are subject to FOIA.

149.    The DOGE Defendants deny that they are subject to FOIA.

150.    The DOGE Defendants deny that they are subject to FOIA.

151.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

152.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

153.    Defendants incorporate their responses to paragraphs 1-152 of the First Amended Complaint.

154.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny.

155.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendant OMB admits that it must comply with the FOIA and with its FOIA regulations.

156.    Deny.

157.    Deny.

158.    Deny.

159.    Deny.

160.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

161.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

162.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

163.    This paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## REQUESTED RELIEF

The remainder of the First Amended Complaint consists of Plaintiff's Requested Relief, to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations in the Requested Relief, and deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

## DEFENSES

Defendants allege the following additional defenses to the Complaint.  In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.  Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  *See* 5 U.S.C. § 552.

## SECOND DEFENSE

To the extent the agency has potentially responsive records, Plaintiff is not entitled to compel the production of any record or portion of any record exempt from disclosure by one or

more exemptions enumerated in the FOIA, *see* 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a, or which is excluded by law from release.

### THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

### FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

### FIFTH DEFENSE

Plaintiff's request fails to comply with the requirements of FOIA because it fails to reasonably describe the records sought and imposes an undue burden.

### SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

### SEVENTH DEFENSE

Plaintiff seeks records from entities that are not subject to FOIA.

Dated: April 21, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:         */s/ John J. Bardo*
      JOHN J. BARDO, D.C. Bar #1655534
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 870-6770

*Attorneys for the United States of America*