UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF GOVERNMENT EFFICIENCY et al.,<br><br>    Defendants. | Civil Action No. 25-0409 (BAH) |

## JOINT STATUS REPORT

Pursuant to Section 4(b) of the Court's Standing Order (ECF No. 6), Plaintiff American Oversight and Defendants the Office of Management and Budget ("OMB") and the U.S. DOGE Service ("DOGE") respectfully submit this joint status report. The parties report as follows.

**Defendants' Statement:**

1.  This lawsuit concerns eight Freedom of Information Act ("FOIA") requests that Plaintiff submitted to DOGE and the Office of Management and Budget ("OMB"). Am. Compl. (ECF No. 5) ¶¶ 96, 97, 110, 113, 117, 120, 123.

2.  Consistent with the Court's Preservation Order (ECF No. 15), DOGE has preserved all records in its custody that are responsive to Plaintiff's requests. However, DOGE will not be producing any records to Plaintiff because DOGE is not an agency subject to FOIA.

3.  OMB is searching for records responsive to Plaintiff's requests. OMB will have an estimate of the number of potentially responsive records and a proposed processing schedule in the next Joint Status Report.

4. Defendants will not agree to any discovery in this case because Courts have repeatedly held that "discovery is rarely appropriate in FOIA cases." *Pavement Coatings Tech. Council v. U.S. Geological Surv.*, 995 F.3d 1014, 1024 (D.C. Cir. 2021); *see also, e.g., Bonfilio v. OSHA*, 320 F. Supp. 3d 152, 157 (D.D.C. 2018) ("Discovery is strongly disfavored in FOIA cases."); *Thomas v. Dep't of Health & Human Servs.,* 587 F. Supp. 2d 114, 115 n.1 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

5. Because OMB has documents that it has not produced, entering a briefing schedule at this stage in the proceedings would be premature and would likely require at least two rounds of summary judgment briefing.

6. Piecemeal briefing is highly disfavored in FOIA litigation and would result in unnecessary duplication and ultimately result in further delay in the resolution of this litigation. See e.g., Min. Order, *Kanter v. Dep't of Health & Hum. Servs.*, Civ. A. No. 21-1820 (BAH) (D.D.C. Feb. 4, 2022) ("[B]riefing would result in piecemeal, inefficient consideration of issues related to the claims in this case[.]"); Min. Order*, Leopold v. Dep't of Homeland Sec.*, Civ. A. No. 21-0545 (TJK) (D.D.C. Mar. 6, 2023) (similar); Min. Order, *James Madison Project v. CIA*, Civ. A. No. 19-0609 (BAH) (D.D.C. Dec. 13, 2022) (similar); Min. Order, *Bader Family Found v. Dep't of Educ.*, Civ. A. No. 21-1741 (DLF) (D.D.C. Oct. 26, 2022) (similar); *Louise Trauma Ctr. LLC v. Dep't of Homeland Sec.*, Civ. A. No. 20-1128 (TNM), 2022 WL 1081097, at *2 (D.D.C. Apr. 11, 2022) (similar).

7. To the extent that the Court is inclined to depart from standard practice and order piecemeal summary judgment briefing, no discover is necessary before that briefing because the

question of whether DOGE is subject to FOIA is a question of statutory interpretation that can be resolved without discovery.

8. Moreover, a Joint Status Report is not the appropriate mechanism for Plaintiff to seek discovery. Defendants aver that Plaintiff should be required to file a motion explaining why this is an exceptional circumstance warranting discovery and allow Defendants the opportunity to file a memorandum in opposition.

9. Defendants respectfully propose that the Court order the parties to file another joint status report in thirty days, on June 4, 2025.

**Plaintiff's Statement:**

10. This matter arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. On January 30, 2025, Plaintiff American Oversight submitted two FOIA requests to the U.S. DOGE Service ("DOGE") seeking records related to the January 24, 2025 mass firings of Inspectors General. *See* Am. Compl. ¶¶ 96-97. Those requests sought expedited processing because of the "urgency to inform the public about an actual or alleged Federal Government activity," 28 C.F.R. § 16.5(e)(1)(ii), and the fact that the terminations constitute a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence," *id*. § 16.5(e)(1)(iv). *See* Am. Compl. ¶ 98, Exs A and B, ECF Nos. 5, 5-9 and 5-10. On February 3, 2025, American Oversight sent six additional FOIA requests to DOGE seeking DOGE records, including staffing records and Elon

3

Musk's calendars and written communications with external entities. *See* Am. Compl. ¶¶ 109-128, ECF. No. 5, Exs. F, G, I, K, M, O, ECF Nos. 5-9, 5-10, 5-13, 5-15, 5-17, 5-19, 5-21, 5-23.

11. On February 11, 2025, American Oversight filed this lawsuit seeking relief regarding the Inspectors General FOIA requests, Compl., ECF No. 1, and on March 5, 2025, filed an Amended Complaint to add the six February 3 requests, Am. Compl., ECF No. 5.

12. On March 12, DOGE notified American Oversight that it was denying all eight FOIA requests on grounds DOGE is "not subject to FOIA." ECF No. 10-2.

13. On March 24, 2025, American Oversight moved for a preservation order, which the Court granted on April 2, requiring the DOGE Defendants to "inform the Court by Monday, April 7. . . whether all records that may be responsive to plaintiff's records requests, . . .at issue in this case have been preserved to date"; and further ordering that "DOGE shall preserve all records that may be responsive to any of plaintiff's FOIA requests at issue in this case." Order (Apr. 2, 2025), ECF No. 15.

14. On April 21, 2025, the DOGE Defendants filed an Answer in which they neither admit nor deny that they have "failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA Requests," Amen. Compl. ¶¶ 147 – 150, stating instead that "they deny they are subject to FOIA." Amen. Answer ¶¶ 147-150, ECF No. 19.

15. Because the DOGE Defendants deny that they are subject to FOIA and have determined they will not process American Oversight's FOIA requests, limited discovery on DOGE's operations, activities and authority is needed before summary judgment briefing to determine whether DOGE is in fact subject to FOIA. The question of whether an entity within the Executive Office of the President is subject to FOIA is one of fact that examines not merely what

the entity is authorized to do, but what it actually does. *See, e.g.*, *Citizens for Resp. & Ethics in Washington v. Off. of Admin.*, 566 F.3d 219, 224 (D.C. Cir. 2009) (examining the tasks that "OA performs or is authorized to perform"); *Armstrong v. Exec. Off. of the President*, 90 F.3d 553, 560-61 (D.C. Cir. 1996) (considering declarations and deposition testimony regarding the structure and authority of NSC staff). Discovery is therefore appropriate here, where Defendants dispute the threshold question of whether DOGE is subject to FOIA.

16. American Oversight proposes the DOGE Defendants be required to respond fully within twenty (20) days to limited interrogatories, requests for documents, and requests for admissions which will be served on the DOGE Defendants by Wednesday, May 7, and that American Oversight take the depositions of Elon Musk, DOGE Acting Administrator Amy Gleason, Steve Davis and DOGE's Rule 30(b)(6) designee within twenty (20) days of receiving full responses or the expiration of the deadline for those responses, whichever comes first. American Oversight proposes that discovery close on June 27.

17. American Oversight proposes Defendants file their motion for summary judgment on the threshold question of whether DOGE is an agency subject to FOIA on July 11, with American Oversight's opposition and cross-motion due July 25, Defendants' reply due August 1, and American Oversight's reply due August 8, 2025.

18. Contrary to Defendants' position that postponing a briefing schedule is the most efficient path forward, their proposal—under which summary judgment briefing would not take place until after OMB completes its productions—is both illogical and inefficient. Under Defendants' proposal, only after OMB has completed its processing and production can the Court consider the threshold question of whether DOGE is an agency subject to FOIA. Discovery is necessary to determine that question. If the Court then ruled in American Oversight's favor, DOGE

would *then* go through its own processing and production of records, followed by another round of briefing on the sufficiency of DOGE's searches and the validity of any withholdings, resulting in the very "piecemeal briefing" to which Defendants object above. It is more efficient and logical to brief the threshold issue of whether DOGE is subject to FOIA immediately following the limited, expedited discovery proposed above, followed by briefing on the question of whether DOGE is subject to FOIA. This will help ensure that records are timely produced, as FOIA recognizes that the value of records may decrease the longer processing is delayed. And it will streamline and consolidate any subsequent briefing that may be necessary on the search adequacy and withholdings on the part of all Defendants.

Dated: May 5, 2025

*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
David Kronig
D.C. Bar No. 1030649

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
Elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:        */s/ John J. Bardo*
    JOHN J. BARDO, D.C. Bar #1655534
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 870-6770

*Attorneys for the United States of America*