**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF GOVERNMENT EFFICIENCY *et al.*,<br><br>*Defendant*. | Civil Action No.: 25-cv-409 (BAH) |

**DECLARATION OF HEATHER V. WALSH IN SUPPORT OF JOINT STIPULATION OF PARTIAL DISMISSAL**

I, Heather V. Walsh, make the following declaration based on personal knowledge, information, and belief:

1. I currently serve as Deputy General Counsel in the Office of Management and Budget's (OMB) Office of General Counsel (OGC). Prior to this position, I was an Assistant General Counsel in this office and have worked in OMB's OGC since 2009.

2. As Deputy General Counsel at OMB, I am familiar with how the requests submitted under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, that are the subjects of this litigation were handled by OMB and the basis of decisions made during that process.

3. The purpose of this declaration is to describe OMB's processing of five of the eight FOIA requests submitted by Plaintiff which are subject to this litigation.

**FOIA REQUEST NO. 2025-645 AND OMB'S RESPONSE**

4. By letter dated February 3, 2025, Plaintiff submitted a FOIA request to OMB, which OMB assigned the tracking number 2025-645. A true and complete copy of this FOIA request is attached hereto as Exhibit A. Plaintiff's description of the requested records was:

> 1. *Records sufficient to identify all employees who entered a position at the USDS since January 20, 2025, and the title of position of each employee. To the extent that such individuals have held multiple titles or positions since January 20, 2025, this request includes records sufficient to identify each title or position.*
> 2. *For each individual identified in response to part one of this request:*
>     a. *The resume provided by the individual to the agency in connection with determining the appropriate salary for the individual, or if that record is not available, a recent resume contained within the agency's records*
>     b. *Any conflicts or ethics waivers or authorizations issued for the individual, including authorizations pursuant to 5 C.F.R. § 2635.502.*
>     c. *Copies of any SF-50 forms for the individual reflecting any change in position or title, including when the employee enters or leaves a position. We have no objection to the redaction of home addresses, telephone numbers, or social security numbers from the SF-50s.*
>
> *[…]*
>
> *For both parts of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.*

5. This FOIA request introduced its use of "USDS" in an introductory paragraph, stating "In an Inauguration Day executive order, President Trump integrated the Department of Government Efficiency (DOGE) into the US DOGE Service (formerly US Digital Service) (USDS)."

6. The request further stated "The public has a significant interest in the operations of the newly established DOGE and its relationship to the US DOGE Service."

7. By letter dated August 5, 2025, OMB issued its response to request 2025-645 and two other requests subject to this litigation. A true and complete copy of this response is attached hereto as Exhibit B. In this response, OMB advised Plaintiff that OMB does not maintain records responsive to this request.

8. January 20, 2025 was a Presidential Inauguration Day. On that date, President Trump issued Executive Order (E.O.) 14158 "Establishing and Implementing the President's 'Department of Government Efficiency,'" which publicly renamed and reformed the United States Digital Service as the United States DOGE Service, and established it in the Executive Office of the President, separate from OMB. Prior to the issuance of E.O. 14158, the United States Digital Service was contained within OMB.

9. The request's usage of the term "USDS", as quoted above in paragraph 5, could plausibly refer either to both the pre-Executive Order United States Digital Service within OMB and the post-Executive Order United States DOGE Service outside OMB, or to just the United States DOGE Service standing alone. However, because the request stated that disclosure of the requested records would contribute to a claimed public interest in records related to the post-Executive Order United States DOGE Service, OMB interpreted "USDS" to refer only to the United States DOGE Service.

10. OMB is not the legal custodian of personnel records for employees who entered into government service at the United States DOGE Service. Consequently, OMB does not maintain the records responsive to part 1 of this request. Because OMB does not maintain records responsive to part 1 of this request, OMB also does not maintain records responsive to part 2 of this request.

11. However, to the extent Plaintiff would disagree with OMB's interpretation of "USDS" and would have deemed the pre-Executive Order United States Digital Service to be also within its scope, OMB endeavored to determine whether any employee entered a position at the United States Digital Service on January 20, 2025, prior to the issuance of the Executive Order.

12. OMB contacted officials in the OMB Management and Operations Division (MOD). MOD helps ensure that OMB has the staff resources, physical facilities, equipment, and information systems needed to accomplish its mission. As part of this effort, MOD maintains records of OMB staffing, including OMB hiring. MOD confirmed to OMB that no employee entered into service with the United States Digital Service (as a part of OMB) on January 20, 2025.

13. Based on this, OMB determined that OMB does not maintain records responsive to this request, and additionally advised Plaintiff that no person entered into service at the United States Digital Service on January 20, 2025.

**FOIA REQUEST NO. 2025-646 AND OMB'S RESPONSE**

14. By letter dated February 3, 2025, Plaintiff submitted a FOIA request to OMB, which OMB assigned the tracking number 2025-646. A true and complete copy of this FOIA request is attached hereto as Exhibit C. Plaintiff's description of the requested records was:

> *Records sufficient to identify Elon Musk's job title, grade level, position description, and salary, including but not limited to Elon Musk's form SF-50.*

15. By letter dated August 5, 2025, OMB issued its response to request 2025-646 and two other requests subject to this litigation. A true and complete copy of this response is attached hereto as Exhibit B. In this response, OMB advised Plaintiff that OMB does not maintain records responsive to this request.

16. Elon Musk was never an OMB employee. There is no location within OMB which would be reasonably likely to maintain the requested personnel-related records of a person who was never an OMB employee.

**FOIA REQUEST NO. 2025-643 AND OMB'S RESPONSE**

17. By letter dated February 3, 2025, Plaintiff submitted a FOIA request to OMB, which OMB assigned the tracking number 2025-643. A true and complete copy of this FOIA request is attached hereto as Exhibit D. Plaintiff's description of the requested records was:

> *All calendars or calendar entries for Elon Musk, including any calendars maintained on his behalf, from January 20, 2025, through the date the search is conducted.*
>
> *[…]*
>
> *This search should include any calendars associated with Musk's email accounts, as well as any official calendars maintained for him, including by an aide, assistant, or scheduler.*

18. By letter dated August 5, 2025, OMB issued its response to request 2025-643 and two other requests subject to this litigation. A true and complete copy of this response is attached hereto as Exhibit B. In this response, OMB advised Plaintiff that OMB does not maintain records responsive to this request.

19. As noted above, Elon Musk was never an OMB employee. Therefore, OMB is not the custodian of records which he maintained in his official capacity while a federal employee. However, Plaintiff's request also contemplated that Elon Musk's calendars could be "maintained for him, including by an aide, assistant, or scheduler."

20. During the processing of this request, OMB was able to identify only one individual who could plausibly be in this category, Jennifer Balajadia. She has also since departed government service, and was also never an OMB employee. OMB is not the custodian of records which she maintained in her official capacity while a federal employee.

21. Based on this, OMB determined that OMB does not maintain records responsive to this request.

**FOIA REQUEST NOS. 2025-613 AND 2025-644 AND OMB's RESPONSES**

22. By letter dated January 30, 2025, Plaintiff submitted a FOIA request to OMB, which OMB assigned the tracking number 2025-613. A true and complete copy of this FOIA request is attached hereto as Exhibit E. Plaintiff's description of the requested records was:

> *All email communications […] and text messages […] or messages on messaging platforms […] sent or received by any of the officials listed below and containing any of the key terms listed below:*
>
> *<u>USDS Officials</u>:*
> *i. Elon Musk*
> *ii. Anyone serving as Elon Musk's chief of staff, secretary, scheduler, assistant, senior advisor, and/or special advisor*
>
> *<u>Key Terms</u>*
> *a. Inspector*
> *b. IG*
> *c. OIG*
> *d. "notice requirement"*
> *e. Massacre*
> *f. Remov**
> *g. Terminat**
> *h. Dismiss**
> *i. Fir**
> *j. "Non-duty status"*
> *k. Inquiry*
> *l. Purg**
>
> *[…]*
>
> *Please provide all responsive records from January 20, 2025, through January 28, 2025.*

23. By letter dated February 3, 2025, Plaintiff submitted a FOIA request to OMB, which OMB assigned the tracking number 2025-644. A true and complete copy of this FOIA request is attached hereto as Exhibit F. Plaintiff's description of the requested records was:

> 1. *All text messages […] or messages on messaging platforms […] sent or received by Elon Musk.*
>
> 2. *All email communications […] between (a) any of the officials listed below and (b) any of the external individuals and entities listed below (or anyone communicating on their behalf, including, but not limited to, anyone communicating from an email address ending in the listed domains).*

*<u>USDS Officials</u>:*

*i. Elon Musk*
*ii. Anyone serving as Elon Musk's chief of staff, secretary, scheduler, assistant, senior advisor, and/or special advisor*

*<u>External Entities</u>*

*a. Alliance Defending Freedom (afdlegal.org)*
*b. America First Legal (aflegal.org, athospr.com)*
*c. America First Policy Institute (americafirstpolicy.com)*
*d. Heritage Foundation (heritage.org, heritageaction.com)*
*e. Project 2025 (project2025.org)*
*f. Tom Zhu, Omead Afshar, Brandon Ehrhart and/or anyone communicating on behalf of Tesla (tesla.com)*
*g. Gwynne Shotwell, Michael Sagan, or anyone else communicating on behalf of SpaceX (spacex.com)*
*h. Starlink (starlink.com)*
*i. The Boring Company (boringcompany.com)*
*j. xAI (x.ai)*
*k. X (x.com, e.X.com)*
*l. Neuralink (neuralink.com)*
*m. Palantir (Palantir.com)*
*n. John Sullivan (john.sullivan@the-sl-lawfirm.com)*
*o. Judd Stone (judd@stonehilton.com)*
*p. Antonio Gracias or anyone else communicating on behalf of Valor Equity Partners (valorep.com)*
*q. Vivek Ramaswamy*
*r. Bill McGinley*

*For both parts of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.*

24. By letter dated February 27, 2026, OMB issued its responses to requests 2025-613, 2025-644, and one other request subject to this litigation.[1] A true and complete copy of this response is attached hereto as Exhibit G. In this response, OMB advised Plaintiff that OMB does not maintain records responsive to these two requests.

[1] The other request is request 2025-614. Although OMB's February 27, 2026 response indicated that OMB did not maintain records responsive to request 2025-614, OMB later issued a supplemental response and released responsive records to 2025-614.

25. As noted above, Elon Musk was never an OMB employee. Therefore, OMB is not the custodian of records which he maintained in his official capacity while a federal employee. Plaintiff's requests also sought certain communications involving "[a]nyone serving as Elon Musk's chief of staff, secretary, scheduler, assistant, senior advisor, and/or special advisor". During the processing of these requests, OMB was able to identify only one individual who could plausibly be in this category, Jennifer Balajadia. She has also since departed government service, and was also never an OMB employee. OMB is not the custodian of records which she maintained in her official capacity while a federal employee.

26. However, to the extent an OMB employee could have been included on a communication involving Elon Musk or Jennifer Balajadia which was otherwise responsive to these requests, such a record could also be in that OMB employee's custody. To locate any such records, OMB determined that further searches would be appropriate.

27. For request 2025-644, item 1, OMB conducted a search for all OMB custodians' communications on the internal Executive Office of the President (EOP) messaging app Mattermost to locate any communications involving Elon Musk, for the date range January 20, 2025 through March 17, 2025 (the date searches were initiated.) No responsive records were identified.

28. For request 2025-644, item 2, OMB conducted a search for all OMB custodians' email communications for the date range January 20, 2025 through February 24, 2025 (the date searches were initiated), using the following search terms:

[{Elon Musk's email address}[2] OR {Jennifer Balajadia's email address}]

---

[2] OMB searched its records using the actual government email addresses used by Elon Musk and Jennifer Balajadia. However, OMB routinely protects these types of email addresses because disclosure would cause a clearly unwarranted invasion of personal privacy. To support these privacy interests within this declaration, OMB is

AND

["Alliance Defending Freedom" OR adflegal.org OR "America First Legal" OR aflegal.org OR athospr.com OR "America First Policy Institute" OR americafirstpolicy.com OR "Heritage Foundation" OR heritage.org OR heritageaction.com OR "Project 2025" OR project2025.org OR "Tom Zhu" OR "Omead Afshar" OR "Brandon Ehrhart" OR Tesla OR Tesla.com OR "Gwynne Shotwell" OR "Michael Sagan" OR SpaceX OR spacex.com OR Starlink OR starlink.com OR "The Boring Company" OR boringcompany.com OR xAI OR x.ai OR X.com OR e.X.com OR Neuralink OR neuralink.com OR Palantir OR palantir.com OR "John Sullivan" OR john.sullivan@the-sl-lawfirm.com OR "Judd Stone" OR judd@stonehilton.com OR "Antonio Gracias" OR "Valor Equity Partners" OR valorep.com OR "Vivek Ramaswamy" OR "Bill McGinley"]

29. No responsive records were identified.

30. For request 2025-613, OMB conducted a search for all OMB custodians' email, and all OMB custodians' communications on the internal EOP messaging app Mattermost, for the date range January 20, 2025 through January 28, 2025 (the end date identified in the request), using the following terms:

[{Elon Musk's email address} OR {Jennifer Balajadia's email address}]

AND

[Inspector OR IG OR OIG OR "notice requirement" OR Massacre OR Remov* OR Terminat* OR Dismiss* OR Fir* OR "Non-duty status" OR Inquiry OR Purg*]

31. No responsive records were identified.

---

substituting the actual email addresses used as search terms with "Elon Musk's email address" and "Jennifer Balajadia's email address".

32. Based on this, OMB made the determination that OMB does not maintain records responsive to either request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of October 2026.

HEATHER WALSH Digitally signed by HEATHER WALSH
Date: 2026.10.28 10:46:45 -04'00'

Heather V. Walsh
Deputy General Counsel
Office of Management and Budget